11/13/2020

Orange County Clerk of Courts Records Search

🖨 Print                    2020-CA-009617-O : FRY, PATRICIAvs.FIVE BELOW INC

## Case Header                                                              ⌄

Case Type:   CA - Premises Liability - Commercial
Date Filed:   9/27/2020
Location:     Div 37
UCN:          482020CA009617A001OX
Judge:        John Marshall Kest
Status:       Pending
Citation Number:
Compliance Date:

## Parties                                                                  ⌄

| Name | Type | Attorney | Atty Phone |
|------|------|----------|------------|
| PATRICIA FRY | Plaintiff | PERRY NAVA | 407-839-4453 |
| FIVE BELOW INC | Defendant | MICHAEL LOGAN | 561-848-8300 |

## Charge Details                                                           ⌄

| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |
|--------------|--------|------|--------|-------------|----------|

## Docket Events                                                            ⌄

Document Status: 📄 = Public   🔒 = VOR   📄ᵃ = Confidential   ✉ᵃ = Sealed   ⊘ = Request Pending.

| Date | Description | Pages | Doc | Request Doc |
|------|-------------|-------|-----|-------------|
| 11/4/2020 | | 2 | | |
| 11/2/2020 | | 7 | | |
| 10/27/2020 | Comments: FIVE BELOW INC | 2 | | |
| 10/12/2020 | Comments: emailed atty | 4 | | |
| 10/1/2020 | | 1 | | |
| 10/1/2020 | | 1 | | |
| 9/27/2020 | | 10 | | |
| 9/27/2020 | | 5 | | |
| 9/27/2020 | | 5 | | |
| 9/27/2020 | | 6 | | |
| 9/27/2020 | | 9 | | |
| 9/27/2020 | | 8 | | |
| 9/27/2020 | | 3 | | |
| 9/27/2020 | Case Initiated | | | |

EXHIBIT
Composite
"A"

## Hearings                                                                 ⌄

| Date | Hearing | Time | Location | Pages | Doc |
|------|---------|------|----------|-------|-----|

11/13/2020

Orange County Clerk of Courts Records Search

## Financial ⌄

| Date | Description | Payer | Amount |
|------|-------------|-------|--------|
| 9/27/2020 | Transaction Assessment | | 420.00 |
| 9/27/2020 | Payment | FRY, PATRICIA | -420.00 |

## Bonds ⌄

| Description | Status Date | Bond Status | Image | Amount |
|-------------|-------------|-------------|-------|--------|

## Warrants ⌄

| Number | Status Description | Issue Date | Service Date | Recall Date | Expiration Date | Warrant Type |
|--------|--------------------|-----------|--------------|-------------|-----------------|--------------|

Filing # 114023864 E-Filed 09/27/2020 04:34:29 PM

**FORM 1.997.  CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT COURT OF THE <u>NINTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

<u>Patricia Fry</u>
Plaintiff                                             Case # _____
                                                      Judge  _____

vs.

<u>Five Below Inc, John Doe</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☒ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐ Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☐ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☐ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [    ]
(Specify)

   <u>2</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Perry B. Nava</u>        Fla. Bar # <u>109197</u>
       Attorney or party              (Bar # if attorney)

<u>Perry B. Nava</u>        <u>09/27/2020</u>
(type or print name)        Date

Filing # 114023864 E-Filed 09/27/2020 04:34:29 PM

## IN THE CIRCUIT COURT OF THE NINTH
## JUDICIAL CIRCUIT IN AND FOR
## ORANGE COUNTY, FLORIDA

**PATRICIA FRY,**                                    **CASE NO:**

      **Plaintiff,**

**vs.**

**FIVE BELOW, INC.,**
**AND JOHN DOE,**

      **Defendants.**

_____/

### COMPLAINT

COMES NOW, Plaintiff, **PATRICIA FRY**, by and through the undersigned attorneys, and sues the Defendants, **FIVE BELOW, INC. AND JOHN DOE**, and alleges as follows:

1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest, and attorneys' fees. (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.     Plaintiff is a natural person residing in Orange County, Florida.

3.     At all times material to this action, **FIVE BELOW, INC.** is/was a foreign profit corporation licensed to do business in the State of Florida.

4.      At all times material to this action, Defendant, **JOHN DOE**, is a natural person working as a store manager for the Defendant, **FIVE BELOW, INC.** in Seminole County, Florida.

5.      At all times material hereto, Defendant, **JOHN DOE**, was an employee of Defendant, **FIVE BELOW, INC.**, was in charge of the daily operations and is directly responsible for ensuring that the Defendant's premises are maintained on a daily basis in a clean and safe manner.

## COUNT I:
## NEGLIGENCE AGAINST FIVE BELOW, INC.

6.      Plaintiff realleges and incorporates by reference paragraphs one through five above and further states:

7.      At all times material hereto, Defendant was the owner and operated a certain business known as Five Below located at 1771 WP Ball Park Boulevard, Sanford, FL 32771, said business being that of a retail store, open to the general public, including the Plaintiff herein.

8.      At all times material to this cause of action, Defendant had possession and control of the store located at 1771 WP Ball Park Boulevard, Sanford, FL 32771, where the incident described in this Complaint occurred and was responsible for the maintenance and upkeep of said premises.

9.      At all times material to this cause of action, Defendant had a non-delegable duty to maintain the subject property in a reasonable safe condition.

10.     On or about August 14, 2019, Plaintiff, **PATRICIA FRY**, visited Defendant's premises located at the above address as a business invitee.

11.     At said time and place, Plaintiff, **PATRICIA FRY**, was a guest at **FIVE BELOW, INC.** as described above, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for her safety.

12.     At the time Plaintiff was at the store located at 1771 WP Ball Park Boulevard, Sanford, FL 32771, a dangerous condition existed on said premises.  This dangerous condition consisted of improperly stored boxes in the stock room.

13.     At said time and place, Defendant breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

  a)     Negligently failing to maintain or adequately maintain the premises by improperly storing boxes in the stock room, thus creating a trip hazard in an area that was accessible to business invitees, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

  b)     Negligently failing to inspect or adequately inspect the premises, as specified above, to ascertain whether the improperly stored boxes in the stock room constituted a trip hazard to business invitees utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for the Plaintiff;

  c)     Negligently failing to inspect or adequately warn the Plaintiff of the danger of the improperly stored boxes in the stock room when Defendant knew, or through the exercise of reasonable care, should have known that said premises were unreasonably dangerous and that Plaintiff was unaware of the same;

  d)     Negligently failing to correct and/or maintain and/or adequately correct the unreasonably dangerous condition of the improperly stored boxes in the stock

room when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of the same, had Defendant exercised reasonable care;

e)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises for dangerous conditions including the improperly stored boxes in the stock room;

f)    Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions including improperly stored boxes in the stock room;

g)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h)    Negligently failing to act reasonably under the circumstances;

i)    Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j)    Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

k)    Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall.

14.    As a result, while Plaintiff was visiting Defendant's business and she was walking through the stock room, she tripped and fell on the improperly stored boxes and she sustained injuries as set forth.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Complaint*
*Page 4 of 8*

15.     The specific manner in which Plaintiff was injured was foreseeable to Defendant and Defendant knew or should have known of the specific risks of harm to Plaintiff as a result of Defendant's negligence.

16.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain, suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses into the future.

WHEREFORE, the Plaintiff, **PATRICIA FRY**, sues the Defendant, **FIVE BELOW, INC.**, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest, costs, and demands trial by jury on all issues so triable.

## COUNT II:
## NEGLIGENCE AGAINST DEFENDANT JOHN DOE

17.     Plaintiff realleges and incorporates by reference paragraphs one through sixteen above and further states:

18.     At all times material to this cause of action, Defendant, **JOHN DOE**, was directly responsible for maintaining and operating the store and therefore is personally responsible to Plaintiff.

19.     At all times material hereto, Defendant, **JOHN DOE**, was directly responsible for executing **FIVE BELOW, INC.**'s policies and was personally involved in **FIVE BELOW, INC.**'s previously described tortious conduct and is therefore personally liable to Plaintiff.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Complaint*
*Page 5 of 8*

20.   At all times material hereto and by virtue of his position with **FIVE BELOW, INC.**, Defendant, **JOHN DOE**, owed Plaintiff a duty to maintain the store in a reasonably safe condition and to warn Plaintiff of any dangerous conditions.

21.   At said time and place, Defendant, JOHN DOE, owed a duty of reasonable care to his guests, including Plaintiff, to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize repairs to this environment, such that his guests would be protected from reasonably foreseeable injuries.  Plaintiff alleges he breached these duties by doing the following:

   a)   Negligently failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to business invitees, by allowing boxes to be improperly stored in the stock room while open for said business invitees;

   b)   Negligently failing to warn or adequately warn the Plaintiff of the dangerous condition and/or trip hazard that he knew or should have known of;

   c)   Negligently failing to adequately remedy, remove, and/or eliminate the dangerous condition and/or trip hazard;

   d)   Negligently failing to properly train his employees in adequately remedying and/or preventing the trip hazards, such as improperly stored boxes in an area while it is open to business invitees;

   e)   Negligently failing to properly supervise his employees in the inspection of areas of the store while they are open to business invitees;

   f)   Negligently failing to inspect areas of the store open to business invitees during business hours;

g)     Negligently failing to follow company policy and procedures as to business invitee safety and the elimination and or reduction of trip hazards in store areas open to business invitees during business hours;

h)     Negligently failing to properly train his employees in adequately warning business invitees of Defendant store's dangerous conditions, such as improperly stored boxes in the stock room during business hours, though the proper placement of warning signs, restricting business invitees access to the subject area within Defendant's store, and/or requiring store employees to remove improperly stored boxes from Defendant's stock room when open for business invitees; and

i)     Negligently failing to alert **Five Below, Inc.** of the store's known dangerous trip hazard condition in order to request and/or authorize alternative and/or storage/maintenance of the stock room.

22.     As a result, while Plaintiff was visiting Defendant's business and she was walking through the stock room, she tripped and fell on the improperly stored boxes and she sustained injuries as set forth.

23.     The specific manner in which Plaintiff was injured was foreseeable to Defendant and Defendant knew or should have known of the specific risks of harm to Plaintiff as a result of Defendant's negligence.

24.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain, suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of

earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses into the future.

WHEREFORE, the Plaintiff, **PATRICIA FRY**, sues the Defendant, **JOHN DOE**, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 27, 2020**, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and the same has been furnished by Process Server to the Defendant addressed.

*/s/ Perry B. Nava*
PERRY B. NAVA, ESQUIRE
Florida Bar No.: 0109197
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone:    (407) 839-4453
Facsimile:    (407) 204-2248
Primary Email: pnava@forthepeople.com
Secondary Email: vramos@forthepeople.com
Attorneys for Plaintiff

Filing # 114023864 E-Filed 09/27/2020 04:34:29 PM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

PATRICIA FRY,                                    CASE NO:

      Plaintiff,

vs.

FIVE BELOW, INC.,
AND JOHN DOE,

      Defendants.
_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET
## OF INTERROGATORIES TO DEFENDANT, FIVE BELOW, INC.

COMES NOW the Plaintiff, **PATRICIA FRY**, by and through the undersigned counsel and pursuant to Rule 1.340, Florida Rules of Civil Procedure propounds upon Defendant, **FIVE BELOW, INC.**, the attached Interrogatories, numbered one (1) through thirty (30) to be answered, under oath, within forty-five (45) days from date of service.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>September 27, 2020</u>, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same has been furnished by Process Server to the Defendant addressed the same date of service as that of the Summons and Complaint.

*/s/ Perry B. Nava*
PERRY B. NAVA, ESQUIRE
Florida Bar No.: 0109197
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone:   (407) 839-4453
Facsimile:    (407) 204-2248
Primary Email: pnava@forthepeople.com
Secondary Email: vramos@forthepeople.com
Attorneys for Plaintiff

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES**</u>
<u>**TO DEFENDANT, FIVE BELOW, INC.**</u>

*Please insert your answers in the space provided below each interrogatory. Should additional space be needed, please attach an extra sheet. "you" and "your" refer to the defendant to whom these interrogatories are directed. Defendant includes all agents, servants, or employees of the defendant.*

1. State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

   <u>**ANSWER:**</u>

2. Is the name of the Defendant correctly stated in the Complaint? If not, please state the correct name and, if applicable, all name changes from the date of the alleged incident to the present.

   <u>**ANSWER:**</u>

3. State the correct corporate name for the owners and operators of the Five Below located at 1771 WP Ball Park Boulevard, Sanford, Seminole County, FL 32771, on the date of the incident alleged in the Complaint.

   <u>**ANSWER:**</u>

4. Are the date, time and place of the alleged incident correctly stated in the Complaint? If not, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

   <u>**ANSWER:**</u>

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, Five Below, Inc.*
Page 2 of 9

5.  Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

    **ANSWER:**

6.  Please state whether any incident report was prepared by your employees in response to the incident giving rise to this action, and if there was one, please list the name, address and occupation of the current custodian of said incident report.

    **ANSWER:**

7.  Please list the name of all employees (and last known address and telephone number for former employees) working in the stock room on the date of the subject incident. **This interrogatory includes a request for the name, address, and phone number of the manager on duty at the time of the subject incident.**

    **ANSWER:**

8.  State full name, address and telephone number of any and all persons known to have any information concerning the incident alleged in Plaintiff's Complaint in this action.

    **ANSWER:**

9.  State the name, address, employer and telephone numbers of any and all persons known to your or to anyone acting on your behalf, who heard or saw or claims to have heard or seen any of the events or happenings that occurred immediately before, at the time of, or immediately after this incident.  **This interrogatory includes a request for the identities of all witnesses that are listed in Defendant's incident reports.**

    **ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, Five Below, Inc.*
*Page 3 of 9*

10. State the full name, address, occupation, and employer of all persons contacted by any investigators in their investigation of this incident.

   **ANSWER:**

11. State the name, address, employer, and telephone numbers of any and all persons known to you or to anyone acting on your behalf that heard or saw or claims to have heard or seen any of the events or happenings that occurred immediately before, at the time of, or immediately after the subject incident.

   **ANSWER:**

12. Have you, your agents, investigators, attorneys or anyone acting on your behalf, obtained any kind of written, recorded, or other type of statement from the Plaintiff or any persons described in your previous Interrogatory answers?  If so, please identify each statement by date, identity of person giving statement and name of current custodian of each statement.

   **ANSWER:**

13. State the name, address, phone number, date of birth, job title, and responsibilities of all employees who rendered aid or assistance to Plaintiff after the incident alleged in Plaintiff's Complaint.

   **ANSWER:**

14. Based on your knowledge at this time, describe in detail how the alleged incident happened, including all actions taken by the Defendant to prevent the incident.

   **ANSWER:**

15. Please describe the inspection procedures in place on the date of the incident and for the year prior to that date for the area where the incident alleged in Plaintiff's Complaint occurred.

   **ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, Five Below, Inc.*
Page 4 of 9

16. State the frequency and dates of inspections of the boxes in the stock room of the subject store where the subject incident occurred for the 24-hour period prior to the incident and the 24-hour period after this incident, which is the subject matter of this litigation.  State the name, telephone number and job title of the person who made the last inspection(s) prior to the incident.

    **ANSWER:**

17. Did any person inspect stock room of the subject store where the subject incident occurred within 4 hours prior to the alleged incident? If so, please state the name, address and telephone number of each person performing said inspection(s), the times or frequencies of said inspection(s), and whether or not said inspection(s) revealed any defect or condition to be present.

    **ANSWER:**

18. Did any person inspect the stock room of the subject store where the subject incident occurred within 4 hours after the alleged incident? If so, please state the name, employment capacity, address, and telephone number of each person performing said inspection(s), the times or frequencies of said inspection(s), and whether or not said inspection(s) revealed any defect or condition to be present.

    **ANSWER:**

19. Please list any and all steps or preventative measures taken by Defendant to prevent the dangerous condition alleged in Plaintiff's Complaint from occurring or existing on Defendant's premises.

    **ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, Five Below, Inc.*
Page 5 of 9

20. Did you or any employee receive any complaint, warning, or other notice concerning the condition of the area where Plaintiff fell before the time of the incident alleged in the Complaint? If so, state the date and time received, the substance of said notice, the name or other means of identification, address, and phone number of the person by whom it was given, the nature and location of the condition complained of, and what actions, if any, were taken as a result.

   **ANSWER:**

21. Please state whether or not you have experienced any other slip/trip and fall incidents at the Five Below located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771 within three (3) years prior to the date of this incident. If so, please provide a complete list of the names and addresses of the guests, their claimed injury or illness, and the dates of each incident.

   **ANSWER:**

22. In the year prior to the subject incident, has any employee of Defendant ever discovered a condition similar to the dangerous condition alleged in Plaintiff's Complaint on Defendant's premises? If so, please list what steps were taken to warn customers of the dangerous condition and/or to correct the dangerous condition.

   **ANSWER:**

23. State whether you have within your possession or control photographs or CCTV videos of Plaintiff at any location in the store on the date of incident, the subject incident itself, the area where the incident occurred for the 2 hour period of time before and after the incident and/or the area of incident. Describe any and all such items.

   **ANSWER:**

24. On the date of the subject incident and in the room where the incident occurred, why were the boxes over which Plaintiff tripped stored in the orientation and manner in which they were found?

   **ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, Five Below, Inc.*
Page 6 of 9

25. Please state the name, address and telephone number for those individuals responsible for inspection of the stock room of the subject store where the subject incident occurred on the date of the subject incident.

   **ANSWER:**

26. Please give the name(s), address(es), and occupation(s) of the person(s) with your company, or outside of your company, who would have the most details concerning the maintenance, cleaning, inspection, operations, accident investigation/reporting, store security cameras/videos, policies and procedures utilized by your company, or on your company's behalf, for the store interior flooring involved in this action on the date of the incident in question.

   **ANSWER:**

27. Please give a concise statement of the facts as to how you contend the Plaintiff's incident took place.

   **ANSWER:**

28. If you contend that Plaintiff acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely.

   **ANSWER:**

29. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies: the name of the insurer, number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

   **ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, Five Below, Inc.*
Page 7 of 9

30. What was the name(s) of the associate(s) who stored the boxes over which Plaintiff tripped in the stock room of the store where the incident occurred?

**ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, Five Below, Inc.*
Page 8 of 9

## SIGNATURE PAGE

Defendant, **FIVE BELOW, INC.**

_____
(Signature on behalf of Defendant)

_____
Print Name

_____
Title

STATE OF _____

COUNTY OF _____

    **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take

acknowledgments, personally appeared _____ as

_____ of Defendant, **FIVE BELOW, INC.**, being first duly sworn,

deposes and says that he/she read the Answers to the foregoing Interrogatories, and that they are

true and correct to the best of his/her knowledge.

    **SWORN TO AND SUBSCRIBED** before me, this _____ day of

_____, _____.

_____
Notary Public (signature)

_____
Notary Public (type, print stamp commission)

Notary Public (type, print stamp commission)

My Commission Expires: _____

❑ Personally Known OR
❑ Produced Identification
❑ Type of Identification Produced: _____

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, Five Below, Inc.*
Page 9 of 9

Filing # 114023864 E-Filed 09/27/2020 04:34:29 PM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

PATRICIA FRY,                                      CASE NO:

      Plaintiff,

vs.

FIVE BELOW, INC.,
AND JOHN DOE,

      Defendants.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET
### OF INTERROGATORIES TO DEFENDANT JOHN DOE

COMES NOW the Plaintiff, **PATRICIA FRY**, by and through the undersigned counsel and pursuant to Rule 1.340, Florida Rules of Civil Procedure propounds upon Defendant, **JOHN DOE**, the attached Interrogatories, numbered one (1) through eighteen (18) to be answered, under oath, within forty-five (45) days from date of service.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>September 27, 2020</u>, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same has been furnished by Process Server to the Defendant addressed the same date of service as that of the Summons and Complaint.

                          */s/ Perry B. Nava*
                          PERRY B. NAVA, ESQUIRE
                          Florida Bar No.: 0109197
                          Morgan & Morgan, P.A.
                          20 N. Orange Avenue, Suite 1600
                          Orlando, FL 32801
                          Telephone:    (407) 839-4453
                          Facsimile:    (407) 204-2248
                          Primary Email: pnava@forthepeople.com
                          Secondary Email: vramos@forthepeople.com
                          Attorneys for Plaintiff

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT, JOHN DOE**

*Please insert your answers in the space provided below each interrogatory. Should additional space be needed, please attach an extra sheet. "you" and "your" refer to the defendant to whom these interrogatories are directed. Defendant includes all agents, servants, or employees of the defendant.*

1. What is the name and address of the person answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER:**

2. State your full name and list all former names and when you were known by those names. State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your Social Security number, and your date of birth.

**ANSWER:**

3. Have you ever been convicted of a crime, other than any juvenile adjudication, which, under the law you were convicted, was punishable by death or imprisonment in excess of one (1) year, or that involved dishonesty or a false statement, regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

**ANSWER:**

4. Please state whether you were working as the store manager for FIVE BELOW located at 1771 WP Ball Park Boulevard, Sanford, FL 32771, on the date of the subject incident.

**ANSWER:**

5. Describe in detail how the incident outlined in the Complaint happened, including all actions taken by you to prevent the incident.

**ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, John Doe*
Page 2 of 6

6. Please state whether any incident report was prepared by your or your employees in response to the incident giving rise to this action, and if there was one, please list the name, address, and occupation of the current custodian of said incident report.

**ANSWER:**

7. State the frequency and dates of inspections of the area where the subject incident occurred for the 30 day period prior to the incident and the 24 hour period after the subject incident.   State the name, address, and job title of the person who made the last inspection prior to the incident.

**ANSWER:**

8. Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is bases, and whether or not you have notified each such person or entity of your contention.

**ANSWER:**

9. Did any person inspect the area where the Plaintiff was injured within 24 hours prior to the subject incident?  If so, please state the name and address of each person performing said inspection(s), the times or frequencies of said inspection(s), and whether or not said inspection(s) revealed any defect or condition to be present.

**ANSWER:**

10. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, John Doe*
Page 3 of 6

11. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

12. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

13. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**ANSWER:**

14. Please state whether you have experienced any other similar incidents on the premises involved in this action within three (3) years prior to the date of incident. For purposes of this question, similar incidents are defined as slip/trip and fall incidents occurring on the subject premises.

**ANSWER:**

15. If your answer to question 14 is yes, please list the approximate date of any such prior or subsequent similar incidents, the location within the store where any such prior or subsequent similar incidents occurred, a brief description of what occurred in any such prior or subsequent similar incidents, and whether any injuries were reported in any such prior or subsequent similar incidents. This interrogatory does not seek the production of any HIPAA protected information of any person that may have been involved in any such prior or subsequent similar incidents. For purposes of this question, similar incidents are defined as any slip/trip and fall incidents occurring on the subject premises.

**ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, John Doe*
Page 4 of 6

16. Please state the name, address, and telephone number for those individuals responsible for inspecting, maintaining, cleaning, and/or repairing the premises involved in this action on the date of the incident in question.

**ANSWER:**

17. Please list each and every duty and responsibility you had as store manager for FIVE BELOW located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771 on the date of the subject incident.

**ANSWER:**

18. Please state the reason(s) why the boxes over which Plaintiff tripped where on the floor in the stock room of the store located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

**ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Set of Interrogatories to Defendant, John Doe*
Page 5 of 6

## SIGNATURE PAGE

Defendant, **JOHN DOE.**

_____
(Signature on behalf of Defendant)

_____
Print Name

_____
Title

STATE OF _____

COUNTY OF _____

     **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take

acknowledgments, personally appeared _____, being first duly sworn,

deposes and says that he/she read the answers to the foregoing Interrogatories, and that they are

true and correct to the best of his/her knowledge and belief.

     **SWORN TO AND SUBSCRIBED** before me, this _____ day of

_____, _____.

_____
Notary Public (signature)

_____
Notary Public (type, print stamp commission)

My Commission Expires: _____

❑ Personally Known OR
❑ Produced Identification
❑ Type of Identification Produced: _____

_Fry, Patricia v. Five Below, Inc. and John Doe_
_Plaintiff's First Set of Interrogatories to Defendant, John Doe_
Page 6 of 6

Filing # 114023864 E-Filed 09/27/2020 04:34:29 PM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

PATRICIA FRY,                                    CASE NO:

      Plaintiff,

vs.

FIVE BELOW, INC.,
AND JOHN DOE,

      Defendants.
_____/

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS AND
SUPPLEMENTAL INTERROGATORIES TO DEFENDANT, FIVE BELOW, INC.**

COMES NOW the Plaintiff, **PATRICIA FRY**, by and through the undersigned counsel and

pursuant to Florida Rule of Civil Procedure 1.370, and hereby requests that Defendant, **FIVE**

**BELOW, INC.**, admit or deny the attached First Request for Admissions and, pursuant to Rule

1.340, Florida Rules of Civil Procedure, hereby propounded upon Defendant, **FIVE BELOW, INC.**,

the attached Supplemental Interrogatories (numbered 1 through 3), responses/answers to both of

which will be due within forty-five (45) days from the date of service.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on <u>September 27, 2020,</u> I electronically filed the foregoing with the
Clerk of the Courts by using the Florida Courts eFiling Portal and same has been furnished by
Process Server to the Defendant addressed the same date of service as that of the Summons and
Complaint.

                            */s/ Perry B. Nava*
                            PERRY B. NAVA, ESQUIRE
                            Florida Bar No.: 0109197
                            Morgan & Morgan, P.A.
                            20 N. Orange Avenue, Suite 1600
                            Orlando, FL 32801
                            Telephone:    (407) 839-4453
                            Facsimile:    (407) 204-2248
                            Primary Email: pnava@forthepeople.com
                            Secondary Email: vramos@forthepeople.com
                            Attorneys for Plaintiff

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS AND
## SUPPLEMENTAL INTERROGATORIES TO DEFENDANT, FIVE BELOW, INC.

1. Please admit that on or about August 14, 2019, Plaintiff was lawfully upon your premises known as Five Below located at 1771 WP Ball Park Boulevard, Sanford, Seminole County, Florida 32771.

2. Please admit that on the date of the incident alleged in Plaintiff's Complaint, Defendant, as listed in the caption of this action, was the legal titled owner of the premises where this incident is alleged to have occurred.

3. Please admit that the Defendant is correctly named as listed in the caption of this action.

4. Please admit that on the date of the incident alleged in Plaintiff's Complaint, Defendant was responsible for the inspection, maintenance, and repair of the premises known as FIVE BELOW, located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

5. Please admit that on the date of the incident alleged in Plaintiff's Complaint, Defendant was responsible for inspecting the premises for defects and dangerous conditions.

6. Please admit that Defendant does not have written documentation to verify that the area where the subject incident occurred was cleaned and/or inspected and/or maintained at any specific time by Defendant's employees/agents/representatives before this incident occurred on August 14, 2019.

7. Please admit that Plaintiff did sustain injuries on Defendant's premises on or about, August 14, 2019.

8. Please admit that Plaintiff did not sustain injuries on Defendant's premises on or about, August 14, 2019.

9. Please admit that Plaintiff did incur medical expenses for treatment of injuries resulting from the subject accident.

10. Please admit that Plaintiff did not incur medical expenses for treatment of injuries resulting from the subject accident.

11. Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

12. Please admit that Plaintiff's medical expenses were not reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

13. Please admit that Defendant's agents, representative or employees were negligent in the inspection of the boxes in the stock room of the store where Plaintiff fell, which negligence resulted in injuries to the Plaintiff.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Admissions and Supplemental Interrogatories to Defendant, Five Below, Inc.*
*Page 2 of 5*

14. Please admit that Defendant's agents, representative or employees were <u>not</u> negligent in the inspection of the boxes in the stock room of the store where Plaintiff fell, which negligence resulted in injuries to the Plaintiff.

15. Please admit that the boxes in the stock room of the store where Plaintiff fell at the time of the subject incident were improperly stored.

16. Please admit that the boxes in the stock room of the store where Plaintiff fell at the time of the subject incident were <u>not</u> improperly stored.

17. Please admit that from the date of the incident complained of in Plaintiff's Complaint until the present, Plaintiff has <u>not</u> faked or exaggerated her injuries or symptoms related to the incident complained of on any occasion.

18. Please admit that from the date of the incident complained of in Plaintiff's Complaint until the present, Plaintiff has faked or exaggerated her injuries or symptoms related to the incident complained of on any occasion.

19. Please admit that there were no warning signs or caution cones present on or near the area of the alleged incident at the time of the incident described in the Complaint.

20. Please admit that the Plaintiff was captured on the surveillance/security/CCTV footage on August 14, 2019.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Admissions and Supplemental Interrogatories to Defendant, Five Below, Inc.*
Page 3 of 5

## SUPPLEMENTAL INTERROGATORIES TO DEFENDANT, FIVE BELOW, INC.

1. Please list the name(s) of the FIVE BELOW, INC., employee(s)/agent(s)/adjuster(s) who assisted in drafting each interrogatory and request for admission hereto.

   **ANSWER:**

2. As to each Request for Admission above, if the response is anything other than an unqualified admission, please state the medical and factual basis for the denial and/or objection(s) in part and/or whole.

   **ANSWER:**

3. Please describe with particularity what reasonable inquiry was undertaken by FIVE BELOW, INC. to obtain the information or knowledge to sufficiently answer each Request for Admission herein prior to the denial or objection(s) in whole and/or in part as part of the responses by FIVE BELOW, INC. to these Request for Admission.

   **ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Admissions and Supplemental Interrogatories to Defendant, Five Below, Inc.*
Page 4 of 5

## SIGNATURE PAGE

Defendant, **FIVE BELOW, INC.**

_____

(Signature on behalf of Defendant.)

_____

Print Name

_____

Title

STATE OF _____

COUNTY OF _____

    **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take

acknowledgments, personally appeared _____ as

_____ of Defendant, **FIVE BELOW, INC.**, being first duly sworn,

deposes and says that he/she read the Answers to the foregoing Supplemental Interrogatories, and

that they are true and correct to the best of his/her knowledge.

    **SWORN TO AND SUBSCRIBED** before me, this _____ day of

_____, _____.

_____

Notary Public (signature)

_____

Notary Public (type, print stamp commission)

My Commission Expires: _____

☐  Personally Known OR
☐  Produced Identification
☐  Type of Identification Produced: _____

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Admissions and Supplemental Interrogatories to Defendant, Five Below, Inc.*
Page 5 of 5

Filing # 114023864 E-Filed 09/27/2020 04:34:29 PM

**IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA**

**PATRICIA FRY,**                                          **CASE NO:**

      **Plaintiff,**

**vs.**

**FIVE BELOW, INC.,
AND JOHN DOE,**

      **Defendants.**

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS AND SUPPLEMENTAL INTERROGATORIES TO DEFENDANT, JOHN DOE

COMES NOW the Plaintiff, **PATRICIA FRY**, by and through the undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.370, and hereby requests that Defendant, **JOHN DOE**, admit or deny the attached First Request for Admissions and, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby propounded upon Defendant, **JOHN DOE**, the attached Supplemental Interrogatories (numbered 1 through 3), responses/answers to both of which will be due within forty-five (45) days from the date of service.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 27, 2020,** I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same has been furnished by Process Server to the Defendant addressed the same date of service as that of the Summons and Complaint.

                                    _/s/ Perry B. Nava_
                                    PERRY B. NAVA, ESQUIRE
                                    Florida Bar No.: 0109197
                                    Morgan & Morgan, P.A.
                                    20 N. Orange Avenue, Suite 1600
                                    Orlando, FL 32801
                                    Telephone:    (407) 839-4453
                                    Facsimile:    (407) 204-2248
                                    Primary Email: pnava@forthepeople.com
                                    Secondary Email: vramos@forthepeople.com
                                    Attorneys for Plaintiff

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS AND
## SUPPLEMENTAL INTERROGATORIES TO DEFENDANT, JOHN DOE

1.    Please admit that the service of process against the Defendant, JOHN DOE, was proper.

2.    Please admit that on August 14, 2019, you were employed with FIVE BELOW at the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

3.    Please admit that on August 14, 2019, you were employed as the manager for FIVE BELOW at the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

4.    Please admit that on August 14, 2019, Plaintiff was lawfully upon the premises known as FIVE BELOW located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

5.    Please admit that while on the subject premises on August 14, 2019, Plaintiff tripped over boxes in the stock room of the FIVE BELOW store located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

6.    Please admit that Plaintiff did sustain injuries on the subject premises on August 14, 2019.

7.    Please admit that Plaintiff did not do anything to cause or contribute to causing the subject incident.

8.    Please admit that Plaintiff did incur medical expenses for treatment of injuries resulting from the subject accident.

9.    Please admit that FIVE BELOW agents, representatives, and/or employees, which you managed and/or supervised, were negligent in the inspection, maintenance, and/or operation of the subject FIVE BELOW, which negligence resulted in injuries to the Plaintiff.

10.   Please admit that the FIVE BELOW agents, representatives, and/or employees, which you managed and/or supervised, were negligent in the storage, placement, management, and/or display methods and/or systems utilized for the store's merchandise, which negligence resulted in injuries to the Plaintiff.

11.   Please admit that at the time of the subject incident, it was against FIVE BELOW's store policies to leave boxes stored on the stock room floor.

12.   Please admit that you have watched the security camera footage of the subject incident.

13.   Please admit that at the time of the subject incident there were no caution signs and or cones placed at or about the area where Plaintiff tripped and fell.

14.   Please admit that at the time of the subject incident, there were boxes that were improperly stored in the area where Plaintiff claims she tripped and fell.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Admissions and Supplemental Interrogatories to Defendant, John Doe*
Page 2 of 5

15. Please admit that prior to the subject incident occurrence on August 14, 2019, you had actual knowledge of the presence of the improperly stored boxes in the area where Plaintiff claims she tripped and fell.

16. Please admit that on August 14, 2019, Defendant, JOHN DOE, was responsible for warning business invitees of slip/trip hazards on the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

17. Please admit that on August 14, 2019, Defendant, JOHN DOE, was responsible for training FIVE BELOW employees on the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

18. Please admit that on August 14, 2019, Defendant, JOHN DOE, was responsible for training FIVE BELOW employees how to prevent slip/trip hazards on the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

19. Please admit that on August 14, 2019, Defendant, JOHN DOE, was responsible for training FIVE BELOW employees how to warn customers of slip/trip hazards on the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

20. Please admit that on August 14, 2019, Defendant, JOHN DOE, was responsible for supervising FIVE BELOW employees on the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

21. Please admit that on August 14, 2019, Defendant, JOHN DOE, was responsible for inspecting the subject FIVE BELOW for slip/trip hazards on the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

22. Please admit that on August 14, 2019, Defendant, JOHN DOE, was responsible for correcting slip/trip hazards on the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

23. Please admit that on August 14, 2019, Defendant, JOHN DOE, was responsible for identifying slip/trip hazards on the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

24. Please admit that on August 14, 2019, Defendant, JOHN DOE, was responsible for remedying slip/trip hazards on the premises located at 1771 WP Ball Park Boulevard, Sanford, Florida 32771.

25. Please admit that your total valuation of the subject matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

26. Please admit that the total value of the subject claim, exclusive of interest and costs, exceeds $75,000.00.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Admissions and Supplemental Interrogatories to Defendant, John Doe*
Page 3 of 5

## SUPPLEMENTAL INTERROGATORIES TO DEFENDANT, JOHN DOE

1. Please list the name(s) of any employee(s)/agent(s)/adjuster(s) who assisted in drafting each interrogatory and request for admission hereto.

   **ANSWER:**

2. As to each Request for Admission above if the response is anything other than an unqualified admission, please state the medical and factual basis for the denial and/or objection(s) in part and/or whole.

   **ANSWER:**

3. Please describe with particularity what reasonable inquiry was undertaken by JOHN DOE to obtain the information or knowledge to sufficiently answer each Request for Admission herein prior to the denial or objection(s) in whole and/or in part as part of the responses by JOHN DOE to these Request for Admission.

   **ANSWER:**

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Admissions and Supplemental Interrogatories to Defendant, John Doe*
Page 4 of 5

## SIGNATURE PAGE

Defendant, **JOHN DOE.**

_____
(Signature on behalf of Defendant)
_____
Print Name
_____
Title

STATE OF _____

COUNTY OF _____

     **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take

acknowledgments, personally appeared _____, being first duly sworn,

deposes and says that he/she read the answers to the foregoing Interrogatories, and that they are

true and correct to the best of his/her knowledge and belief.

     **SWORN TO AND SUBSCRIBED** before me, this _____ day of

_____, _____.

_____
Notary Public (signature)

_____
Notary Public (type, print stamp commission)

My Commission Expires: _____

❑ Personally Known OR
❑ Produced Identification
❑ Type of Identification Produced: _____

_Fry, Patricia v. Five Below, Inc. and John Doe_
_Plaintiff's First Request for Admissions and Supplemental Interrogatories to Defendant, John Doe_
Page 5 of 5

Filing # 114023864 E-Filed 09/27/2020 04:34:29 PM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

**PATRICIA FRY,**                                  CASE NO:

     **Plaintiff,**

**vs.**

**FIVE BELOW, INC.,**
**AND JOHN DOE,**

     **Defendants.**

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

COMES NOW the Plaintiff, **PATRICIA FRY**, by and through the undersigned counsel, and hereby requests that Defendant, **FIVE BELOW, INC. AND JOHN DOE**, produce for inspection or copying the documents set forth below. Defendant shall produce these documents at P.O. Box 4979, Orlando, Florida 32802 within forty-five (45) days after service of this Request for Production.

### I. Definitions

A.    As used throughout this Request to Produce, the following terms are defined as follows:

B.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or

summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.    "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.    If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.    "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Production to Defendants*
Page 2 of 10

F.     "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.     "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.     As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.     As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to "products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.     Description sufficient to identify.

2.     The date(s).

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Production to Defendants*
Page 3 of 10

3.     The subject matter(s).

4.     The sender(s) or author(s).

5.     The recipient(s).

6.     The persons to whom copies were furnished, together with their job titles.

7.     The present depository or person having custody of the document.

8.     The nature and basis of privilege or immunity claimed.

9.     The paragraph(s) of this request to which each such document or statement

relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 20 N. Orange Ave., 16th Floor, Orlando, FL  32802-4979, or at such other place as the parties may agree. Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Production to Defendants*
Page 4 of 10

**DEFENDANTS SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1. Any and all statements made by any witnesses to the subject accident at the subject place of business known as Five Below, located at 1771 WP Ball Park Boulevard, Sanford, Seminole County, FL 32771.

2. A true and correct copy of any and all statements made by the Plaintiff pertaining to or concerning the subject matter.

3. **Color copies** of any and all photographs of the area of incident which were taken on the date of the incident.

4. All surveillance/security videos from CCTV security cameras depicting the subject incident.

5. All surveillance/security videos from CCTV security cameras depicting the area in which the incident occurred for the four (4) hour period of time immediately preceding and following the subject incident.

6. All surveillance/security videos from all CCTV surveillance/security cameras on which Plaintiff was captured on the date of incident regardless of location of camera within interior or exterior of store.

7. A true and correct copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Production to Defendants*
Page 5 of 10

8. A true and correct copy of all written documents received by Defendants prior to or on the date of the subject incident relating to or discussing the condition which Plaintiff alleges to be a dangerous condition in Plaintiff's Complaint.

9. A true and correct copy of any and all incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

10. A true and correct copy of any and all inspection or check-off sheets or other documents showing who performed inspections of the stock room of the store in order to identify whether the boxes were stored so as to create trip hazard, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject incident.

11. A true and correct copy of any and all time sheets, clock cards or any other documents showing the hours and time worked by any employees working in the stock room of the subject store at the time of the subject incident.

12. A true and correct copy of any and all time sheets, clock cards or any other documents showing the hours and time worked by any employees working at the time of the incident who had responsibility for inspection of the stock room of the store on the date of the subject incident.

13. A true and correct copy of any and all written inspection procedures or policies in place on the date of the subject incident at the subject premises as pertains to the stock room of the store.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Production to Defendants*
Page 6 of 10

14. A true and correct copy of any contract(s) or agreement(s) with any entity(ies) used by Defendant with any responsibility for inspecting your premises for dangerous conditions or for training your employees about such.

15. A true and correct copy of any and all accident investigation/reporting/risk management manuals and/or videos and/or modules relevant to the accident investigation and reporting for the accident at issue or for any accident on the premises.

16. All Defendant's policies and/or procedure manuals or documents regarding:

    a.  Inspection of the premises by employees or other individuals;

    b.  Discovery of any dangerous condition on Defendant's premises by employees;

    c.  Correcting of any dangerous conditions on Defendant's premises by employees; and

    d.  Reporting or documenting of accidents occurring on Defendant's premises.

17. A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, correcting dangerous conditions, or maintaining the premises.

18. A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

*Fry, Patricia v. Five Below, Inc. and John Doe*
*Plaintiff's First Request for Production to Defendants*
Page 7 of 10

Filing # 114237785 E-Filed 10/01/2020 08:50:08 AM

## IN THE CIRCUIT COURT OF THE NINTH
## JUDICIAL CIRCUIT IN AND FOR
## ORANGE COUNTY, FLORIDA

**PATRICIA FRY,**                                         **CASE NO:**

      **Plaintiff,**

**vs.**

**FIVE BELOW, INC.,**
**AND JOHN DOE,**

      **Defendants.**

_____/

### NOTICE OF DROPPING PARTY

    COMES NOW, Plaintiff, **PATRICIA FRY,** by and through the undersigned attorneys, pursuant to Florida Rules of Civil Procedure 1.250, and hereby files this Notice of Dropping Party of the above-styled cause as to Defendant, JOHN DOE, only.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on **October 1, 2020,** I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts E-Filing Portal.

                          */s/ Perry B. Nava*_____
                          PERRY B. NAVA, ESQUIRE
                          Florida Bar No.: 0109197
                          Morgan & Morgan, P.A.
                          20 N. Orange Avenue, Suite 1600
                          Orlando, FL 32801
                          Telephone:   (407) 839-4453
                          Facsimile:    (407) 204-2248
                          Primary Email: pnava@forthepeople.com
                          Secondary Email: vramos@forthepeople.com
                          Attorneys for Plaintiff

Filing # 114484836 E-Filed 10/06/2020 10:17:27 AM

**IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA**

**CASE NO: 2020-CA-009617-O**

**PATRICIA FRY,**

        **Plaintiff,**

**vs.**

**FIVE BELOW, INC.**

        **Defendant.**

_____ /

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**FIVE BELOW, INC.
c/o REGISTERED AGENT
CORPORTATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **PERRY B. NAVA, ESQ., Morgan & Morgan, P.A.**, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

1

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **ORANGE COUNTY COURTHOUSE, 425 NORTH ORANGE AVENUE, ROOM 510, ORLANDO, FLORIDA, (407) 836-2303**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.



Tiffany Moore Russell

Clerk of the Circuit Court

By

Grace Katherine Uy,
Deputy Clerk
2020-10-12 12:32:52

425 North Orange Ave.
Suite 350
Orlando, Florida 32801

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements. You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

3

nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

> **MORGAN & MORGAN, P.A.**
> **POST OFFICE BOX 4979**
> **20 NORTH ORANGE AVENUE, SUITE 1600**
> **ORLANDO, FLORIDA 32802-4979**

4

Filing # 114484836 E-Filed 10/06/2020 10:17:27 AM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO: 2020-CA-009617-O

PATRICIA FRY,

        Plaintiff,

vs.

FIVE BELOW, INC.

        Defendant.

Date: 10/14/00    Time: 945ᵖ

MCN #111

.s a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**FIVE BELOW, INC.**
**c/o REGISTERED AGENT**
**CORPORTATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **PERRY B. NAVA, ESQ., Morgan & Morgan, P.A.,** 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

1

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **ORANGE COUNTY COURTHOUSE, 425 NORTH ORANGE AVENUE, ROOM 510, ORLANDO, FLORIDA, (407) 836-2303,** at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this _____ day of _____, ____

Tiffany Moore Russell
Clerk of the Circuit Court

By

Grace Katherine Uy,
Deputy Clerk
2020-10-12 12:32:52

425 North Orange Ave.
Suite 350
Orlando, Florida 32801

2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demandante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**MORGAN & MORGAN, P.A.**
**POST OFFICE BOX 4979**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO, FLORIDA 32802-4979**

4

Filing # 115959509 E-Filed 11/02/2020 10:08:54 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

PATRICIA FRY,

       Plaintiff,

v.

FIVE BELOW, INC., AND
JOHN DOE,

       Defendants.

_____/

CASE NO. 2020-CA-009617-O

## <u>DEFENDANT, FIVE BELOW, INC.'S, ANSWER AND AFFIRMATIVE DEFENSE<br>TO PLAINTIFF'S COMPLAINT</u>

The Defendant, FIVE BELOW, INC. (hereinafter referred to as the "Defendant"), by and through the undersigned counsel, hereby files this Answer and Affirmative Defenses to the Plaintiff, PATRICIA FRY'S, Complaint, stating the following:

1.     The Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 1 of the Plaintiff's Complaint, and therefore denies the allegations and demands strict proof thereof.

2.     The Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 2 of the Plaintiff's Complaint, and therefore denies the allegations and demands strict proof thereof.

3.     The Defendant admits that FIVE BELOW, INC. is a Foreign Profit Corporation licensed to do business in the State of Florida.

4.     The Defendant asserts that a response to paragraph 4 of the Plaintiff's Complaint is not applicable as the Plaintiff filed a Notice of Dropping Party as to JOHN DOE on October 1, 2020, rendering any allegations against JOHN DOE as moot.

5.     The Defendant asserts that a response to paragraph 5 of the Plaintiff's Complaint is not applicable as the Plaintiff filed a Notice of Dropping Party as to JOHN DOE on October 1, 2020, rendering any allegations against JOHN DOE as moot.

**COUNT I:**
**NEGLIGENCE AGAINST FIVE BELOW, INC.**

6.     The Defendant realleges and incorporates by reference its responses to paragraphs one through five above and further states:

7.     The Defendant admits that FIVE BELOW, INC. operated a store located at 1771 WP Ball Park Boulevard, Sanford, FL 32771. The Defendant denies the remainder of the allegations contained within paragraph 7 of the Plaintiff's Complaint as phrased, and demands strict proof thereof.

8.     The Defendant admits that FIVE BELOW, INC. had possession or control of a store located at 1771 WP Ball Park Boulevard, Sanford, FL 32771. The Defendant denies the remainder of the allegations contained within paragraph 8 of the Plaintiff's Complaint as phrased, and demands strict proof thereof.

9.     The Defendant denies the allegations contained within paragraph 9 of the Plaintiff's Complaint, and demands strict proof thereof.

10.     The Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 10 of the Plaintiff's Complaint, and therefore denies the allegations and demands strict proof thereof.

11.     The Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 11 of the Plaintiff's Complaint, and therefore denies the allegations and demands strict proof thereof.

12.     The Defendant denies the allegations contained within paragraph 12 of the Plaintiff's Complaint, and demands strict proof thereof.

13.     The Defendant denies the allegations contained within paragraph 13 of the Plaintiff's Complaint, and demand strict proof thereof. The Defendant denies that FIVE BELOW, INC. contributed to, caused, or was at fault for the subject incident.

14.     The Defendant denies the allegations contained within paragraph 14 of the Plaintiff's Complaint, and demand strict proof thereof. The Defendant denies that FIVE BELOW, INC. contributed to, caused, or was at fault for the subject incident.

15.     The Defendant denies the allegations contained within paragraph 15 of the Plaintiff's Complaint, and demand strict proof thereof. The Defendant denies that FIVE BELOW, INC. contributed to, caused, or was at fault for the subject incident.

16.     The Defendant denies the allegations contained within paragraph 16 of the Plaintiff's Complaint, and demand strict proof thereof. The Defendant denies that FIVE BELOW, INC. contributed to, caused, or was at fault for the subject incident.

WHEREFORE, the Defendant, having answered Count I of the Plaintiff's Complaint, opposes the relief requested by the Plaintiff, asks that judgment be entered in the Defendant's favor, and asks that the Defendant be awarded attorneys' fees and costs in litigation this matter.

## COUNT II:
## NEGLIGENCE AGAINST DEFENDANT JOHN DOE

17.     The Defendant realleges and incorporates by reference its responses to paragraphs one through sixteen above and further states:

18.     The Defendant asserts that a response to paragraph 18 of the Plaintiff's Complaint is not applicable as the Plaintiff filed a Notice of Dropping Party as to JOHN DOE on October 1, 2020, rendering any allegations against JOHN DOE as moot.

19.     The Defendant asserts that a response to paragraph 19 of the Plaintiff's Complaint is not applicable as the Plaintiff filed a Notice of Dropping Party as to JOHN DOE on October 1, 2020, rendering any allegations against JOHN DOE as moot.

3

20.     The Defendant asserts that a response to paragraph 20 of the Plaintiff's Complaint is not applicable as the Plaintiff filed a Notice of Dropping Party as to JOHN DOE on October 1, 2020, rendering any allegations against JOHN DOE as moot.

21.     The Defendant asserts that a response to paragraph 21 of the Plaintiff's Complaint is not applicable as the Plaintiff filed a Notice of Dropping Party as to JOHN DOE on October 1, 2020, rendering any allegations against JOHN DOE as moot.

22.     The Defendant asserts that a response to paragraph 22 of the Plaintiff's Complaint is not applicable as the Plaintiff filed a Notice of Dropping Party as to JOHN DOE on October 1, 2020, rendering any allegations against JOHN DOE as moot.

23.     The Defendant asserts that a response to paragraph 23 of the Plaintiff's Complaint is not applicable as the Plaintiff filed a Notice of Dropping Party as to JOHN DOE on October 1, 2020, rendering any allegations against JOHN DOE as moot.

24.     The Defendant asserts that a response to paragraph 24 of the Plaintiff's Complaint is not applicable as the Plaintiff filed a Notice of Dropping Party as to JOHN DOE on October 1, 2020, rendering any allegations against JOHN DOE as moot.

WHEREFORE, the Defendant, having answered Count II of the Plaintiff's Complaint, opposes the relief requested by the Plaintiff, asks that judgment be entered in the Defendant's favor, and asks that the Defendant be awarded attorneys' fees and costs in litigation this matter.

## AFFIRMATIVE DEFENSE

The Defendant assert the following affirmative defenses to the allegations in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

At all times material hereto, if the Plaintiff has sustained lost wages and medical expenses as alleged, any such claims by the Plaintiff are subject to the collateral source set-off provisions of Sections 627.736 and 768.76, Florida Statutes, and, therefore, the Plaintiff is not entitled to recover

for benefits paid and/or payable by personal injury protection benefits or for benefits paid by other collateral sources applicable to this case.

## SECOND AFFIRMATIVE DEFENSE

At all times material hereto, the Plaintiff knew or should have known of the danger complained of in the Complaint, realized and appreciated the possibility of injury or damage as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily and/or negligently, exposed herself to the danger.

## THIRD AFFIRMATIVE DEFENSE

The Defendant asserts that all damages should be apportioned based upon the fault of any and all persons and/or entities who may be at fault for Plaintiff's damages, and who may have been responsible for the series of events in question. *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).

Discovery is ongoing, and upon further and additional discovery, the Defendant hereby reserves the right to modify this Affirmative Defense to specifically include and identify person(s) and/or entities who are, or should be, liable or at fault for the Plaintiff's alleged damages which come to light during the discovery process.

## FOURTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained damages by reason of the matters alleged in the Complaint, and said damages were caused in whole or in part by the Plaintiff's own negligence, the Plaintiff is subject to the doctrine of comparative negligence, whereby the Plaintiff's recovery will be diminished by an amount equal to the Plaintiff's negligence. The Plaintiff's negligence includes, but is not limited to, failing to use due care in walking on the Defendant's premises, and failing to pay attention to her surroundings.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant state that if the Plaintiff was the under the influence of alcoholic beverages and/or drugs at the time she was injured, and the trier of fact finds that the Plaintiff was more than 50 percent at fault for her own harm, then the Plaintiff would be barred from recovery pursuant to Fla. Stat. §768.36.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate her damages and as a result her damages should be reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiff's injuries alleged in the Complaint were not proximately caused by any alleged act, omission or breach of duty by the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions and/or inactions of the Defendant were reasonable under the circumstances.

## NINTH AFFIRMATIVE DEFENSE

The alleged injuries sustained by the Plaintiff were pre-existing in nature and were not caused or aggravated by the subject incident and therefore the Defendant cannot be held liable for them.

## TENTH AFFIRMATIVE DEFENSE

The alleged injuries sustained by the Plaintiff were caused by an open and obvious condition and therefore the Defendant cannot be held liable for them.

Any allegations contained in the Plaintiff's Complaint that have not been specifically admitted, including those referring to JOHN DOE, are hereby denied.

6

## RESERVATION OF RIGHTS

The Defendant reserves its right to supplement their Affirmative Defenses, upon proper motion and notice, as discovery is on-going.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 2nd day of November 2020, to all parties listed in the E-Portal Service system. The certificate is taken as prima facie proof of such service in compliance with Fla. R. Jud. Admin. 2.516.

*/s/Brian N. Heffner*

MICHAEL D. LOGAN, ESQUIRE
Florida Bar No. 504531
BRIAN N. HEFFNER, ESQUIRE
Florida Bar No. 106383
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
11770 U.S. Highway One, Suite 402E
Palm Beach Gardens, Florida 33408
Telephone: (561) 848-8300
*Email Designations:*
*MLogan@tlsslaw.com*
*BHeffner@tlsslaw.com*
*PBGPleadings@tlsslaw.com*

Filing # 116154496 E-Filed 11/04/2020 03:28:40 PM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO:  2020-CA-009617-O

PATRICIA FRY,

       **Plaintiff,**

vs.

FIVE BELOW, INC.,

       **Defendant.**

_____ /

## REPLY TO AFFIRMATIVE DEFENSES

     Plaintiff, PATRICIA FRY, by and through the undersigned attorney and in reply to the affirmative defenses heretofore set forth in DEFENDANT, FIVE BELOW, INC.'S, ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT served on November 2, 2020 and specifically denies each and every allegation contained in each and every affirmative defense and demand(s) strict proof thereof.

[Certificate of Service on Following Page]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>November 4, 2020</u>, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal.  I further certify that Pursuant to Rule 2.516(b)(1) I forwarded the foregoing this same day via email to:  Michael D. Logan, Esquire; Brian N. Heffner; MLogan@tlsslaw.com; BHeffner@tlsslaw.com; PBGPleadings@tlsslaw.com.

<u>/s/ Perry B. Nava</u>
**Perry B. Nava, Esquire**
**FBN: 109197**
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 839-14453
Facsimile: (407) 204-2248
Primary email: pnava@forthepeople.com
Secondary email: jrosado@forthepeople.com
Attorneys for Plaintiff