UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA FRY,                                                        Case No: 6:20-cv-02103-CEM-GJK

      Plaintiff,

v.

FIVE BELOW, INC., AND
JOHN DOE,

      Defendants.
_____/

**PLAINTIFF'S MOTION TO REMAND AND**
**MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, Patricia Fry, though the undersigned counsel, hereby moves the Court to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida due to lack of jurisdiction, pursuant to 28 U.S.C. § 1447(e) and as grounds states:

**I. BACKGROUND**

This case arises out of the injuries Plaintiff, Patricia Fry ("Fry"), sustained when she tripped and fell on one or more boxes stored on the floor at the retail store owned by Defendant, Five Below, Inc. ("Five Below"). On September 27, 2020, Fry initiated this lawsuit in state court by filing a two count complaint against Five Below and John Doe, the store manager on the date of the subject incident which was served upon Five Below on October 14, 2020 [D.E. 1-1]. Paragraph 1 of Fry's Complaint alleges that the estimated value of her claim is in excess of $30,000.00 for jurisdictional purposes, but

further alleges that the actual value should be determined by a fair and just jury. Fry subsequently filed her Notice of Dropping Party as to John Doe on October 1, 2020.

On November 2, 2020, counsel for Five Below filed their Answer and Affirmative Defenses to Plaintiff's Complaint [D.E. 1-2]. Notably, Five Below's Answer and Affirmative Defenses to Plaintiff's Complaint states, "The Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 1 of the Plaintiff's Complaint, and therefore denies the allegations and demands strict proof thereof" [D.E. 1-2, ¶ 1].

On November 13, 2020, counsel for Five Below filed their Notice of Removal and this matter was removed from the Ninth Judicial Circuit, in and for Orange County, Florida [D.E. 1]. Generally, Five Below's Notice of Removal asserts that:

1. The amount in controversy exceeds $75,000.00 [D.E. 1, ¶ 9];
2. Complete diversity jurisdiction exists between Fry and Five Below such that the requirements of 28 U.S.C. § 1332(a)(1) have been met [D.E. 1, ¶¶ 4-9]

In support of its contention that the amount in controversy exceeds $75,000.00, Five Below relies primarily upon a pre-suit settlement demand dated August 21, 2020 for the amount of Defendant's policy limits, in excess of $2,000,000.00.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal district court where the controversy lies within the district court's original jurisdiction. Title 28 U.S.C. § 1332(a)(1) grants original jurisdiction to the district courts over "all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between…citizens of different states." Removal

based on diversity of citizenship must occur within thirty days of service of the initial pleading or, if the initial pleading is not removable on its face, within thirty days after receipt of a subsequent pleading or other paper from which it can first be determined that the case is removable.  28 U.S.C. §§ 1446(b)(1), (b)(3).

The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  When a defendant effects removal based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) and the amount in controversy does not appear on the face of the plaintiff's state court complaint, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).  To support its claim of jurisdiction, the defendant must submit evidence speaking to the amount in controversy, including affidavits, declarations, deposition transcripts, or other documents.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

When confronted with a motion to remand based on the amount in controversy, the district court is therefore confined to "the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *Lowery*, 483 F.3d at 1214–15.  While the district court is certainly entitled to make reasonable inferences as to the amount in controversy, such inferences must be based on evidence in the record at the time of removal rather than mere "conjecture, speculation, or star gazing."  *Pretka*, 708 F.3d at 754.

Importantly, the amount in controversy must be assessed at the time of removal. *Id*. at 751; *see also Sierminski v. Transouth Fin. Corp.*, 216 F. 3d 945, 946 (11th Cir. 2000) (holding that a district court may consider post-removal evidence, "but only to establish the facts present at the time of removal"). Therefore, where the record evidence fails to demonstrate that the amount in controversy exceeded $75,000 at the time of removal, the district court must remand. *Williams*, 269 F.3d at 1321.

Because removal of an action from state court constitutes an infringement on state sovereignty, the removal statute must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Accordingly, there is a "strong presumption that state court jurisdiction is proper," *Merced-Torres v. Merck & Co.*, 393 F. Supp. 2d 1299, 1302 (M.D. Fla. 2005), and "all doubts about jurisdiction should be resolved in favor of remand to state court," *Univ. of S. Ala.*, 168 F.3d at 411.

### III. ARGUMENT

#### A. Five Below Fails to Prove that the Amount in Controversy Exceeds $75,000.00

When the plaintiff's complaint claims a specific dollar amount that is less than the requisite $75,000 jurisdictional amount, "the defendant's burden of proof [is] heavy" on removal to show that, if the plaintiff prevails on liability, an award of less than $75,000 "would be outside the range of permissible awards." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095-1096 (11th Cir. 1994).

In its Notice of Removal, Five Below fails to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  To begin, Five Below concedes, as it must, that the face of Fry's state court complaint does not establish an amount in controversy over the jurisdictional threshold [*See* D.E. 7, p. 5, ¶ 1].  As a result, Five Below must offer evidence such as affidavits, declarations, deposition transcripts, or other documents from which the Court can conclude that the amount in controversy requirement is satisfied in this case.  *Pretka*, 608 F.3d at 755.

To that end, Five Below relies solely on Plaintiff's August 21, 2020 correspondence, which included a pre-suit settlement demand for the Defendant's policy limits.  Five Below offers no affidavits, declarations, deposition transcripts, or any other documents speaking to the value of what Fry purportedly seeks as compensation for permanent disfigurement, pain and suffering, mental anguish, emotional distress, and loss of enjoyment of life.  Five Below does not even offer its own opinion of the values of these injuries, apart from the vague assertion that "it is more likely than not that the amount in controversy requirement has been met." [D.E. 7, p. 5, ¶ 2]  In short, Five Below relies exclusively on speculation and conjecture and invites the Court to take its word for it that Fry's unspecified damages must exceed $75,000, despite including in its own exhibit the filed civil cover sheet pertaining to the underlying complaint, where the estimated amount of the claim is stated to be "$30,001 - $50,000", albeit only for data collection and clerical processing purposes [D.E. 1-4].  Without any record evidence to allow the Court to reasonably quantify the value of these unspecified damages, the Court must decline Five Below's invitation.

A review of the case law supports remand in this case. Most on point is the district court's decision in *Brooks v. Sears, Roebuck and Co.*, No. 6:18-cv-554-Orl-37 DCI, 2018 WL 3761045 (M.D. Fla. July 2, 2018) wherein the Court remanded the action to state court for defendant's failure to establish that the amount in controversy exceeds the jurisdictional limits. *Id*. at *4. In *Brooks*, the only evidence to support the amount in controversy that was attached to the notice of removal was a proposal for settlement to defendant in the amount of $135,000. *Id*. at *1. Further, the proposal for settlement the defendant relied upon to remove in *Brooks* "did not include any medical records, bills, or descriptions of plaintiff's injuries or damages [and] defendant did not provide the Court with any additional information regarding the amount in controversy or the nature of Plaintiff's injuries." *Id*.

Holding that the proposal for settlement in *Brooks*, without more, failed to provide specific information that the amount of the proposal for settlement was a reasonable assessment of the plaintiff's claims, the Court stated that it could not reasonably infer the amount in controversy exceeds the jurisdictional amount and remanded the case. *Id*. at *2-3. Furthermore, the Court in *Brooks* distinguished defendant's reliance on *Pantages, Jr. v. Cardinal Health 200, Inc.*, 2008 WL 11335074 (M.D. Fla. June 5, 2008); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346 (M.D. Fla. 2001); and *Essenson v. Coale*, 848 F. Supp. 987 (M.D. Fla. 1994), stating:

> [N]one of the cases cited by Defendant held that a proposal for settlement, without more, is sufficient to carry Defendant's burden of establishing by a preponderance of the evidence that the amount-in-controversy is satisfied. In fact, none of the cases cited by Plaintiff even considered

> whether the defendants had carried their burden of establishing that the amount-in-controversy was satisfied.

See *Brooks* at *3. The Court in *Brooks* then went further and held:

> [T]he undersigned is persuaded by the court's analysis in Alilin, in which the court noted that <u>settlement offers are not conclusive proof of the amount-in-controversy and must be weighed based upon the circumstances under which they are made</u>. See *Alilin*, 2014 WL 7734262, at *2-3; see also *Burns*, 31 F.3d at 1097 ("While this settlement offer, by itself, may not be determinative, it counts for something."); *Jackson*, 651 F. Supp. 2d at 1281, 1283 (involving a post-suit settlement offer and stating that whether or not a settlement offer "counts for something" depends on the circumstances). And although there may be some merit to Defendant's argument that a proposal for settlement pursuant to Florida Statutes section 768.79 is entitled to more weight than a pre-suit demand, <u>Plaintiff's proposal for settlement – standing alone – is not enough to satisfy Defendant's burden in this case</u>. Defendant has provided the Court with no information whatsoever regarding the nature or severity of Plaintiff's injuries that the Court could use to determine whether Plaintiff's offer is a reasonable assessment of the value of Plaintiff's claim. And the fact that Plaintiff's offer was made prior to Plaintiff providing Defendant with any discovery responses, medical records, or bills – and, apparently, before providing Defendant with even the most basic information regarding the nature of Plaintiff's injuries – certainly weighs against finding that Plaintiff's offer represents a reasonable assessment of Plaintiff's claim as opposed to mere puffing and posturing.

*Id*. at *3. (emphasis added).

Just like in *Brooks*, Fry did not plead a specific amount of damages. She sent a pre-suit settlement demand; thus, no discovery responses had yet been exchanged with Five Below because no suit had yet been filed. The only medical records or bills upon which Five Below could have relied were included in that pre-suit settlement demand and

were incomplete, not yet reflecting final adjustments or balances. Consistent with *Brooks*, Fry's pre-suit demand offering to settle the claim was not conclusive proof of the amount in controversy and must be considered in its context. *Id*. at *3.

Although a pre-suit settlement offer may be utilized to establish the amount in controversy, such offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. *Lamb v. State Farm Fire Mut. Auto. Ins. Co.,* 2010 WL 6790539, *2 (M.D. Fla. 2010). "Pre-suit settlement offers may not be determinative, in and of themselves, of the amount in controversy when they merely reflect puffing and posturing by a party." *Wilson v. Target Corp.*, 10-80451-CIV-MARRA, 2010 WL 3632794 (S.D. Fla. 2010) (citing *Jackson,* 651 F.Supp.2d at 1281 n. 1. "Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence").

Most notably and analogous to the instant matter, the United States Court in and for the Middle District of Florida has previously held that an amount in controversy was not met despite plaintiff's demand letter demanding settlement for $150,000.00 and stating that plaintiff faced future surgery and medical treatment. *Reynolds v. Busch Entm't Corp.*, No. 8:03-cv-288-T-17MSS, 2003 WL 25569730 at *5 (M.D. Fla. June 18, 2003); *See e.g.*, *Green v. Travels Indem. Co.*, No. 3:11-cv-922-J-37TEM, 2011 WL 4947499 at *3 (M.D. Fla. Oct. 18, 2011). Lastly, courts have attached "very little weight" to letters written as part of preliminary settlement discussions. *Beardsworth v. Bd. Of Comm'rs*, No. Civ. A 95-2868 1995 WL 617585, *3 (E.D. La. Oct. 18, 1995); *Estate of Lamastus v. State Farm Mutual Automobile Insurance Company*, 2016 WL

11467237, at *4 (M.D.Fla., 2016). Thus, this Court should not be persuaded by the Defendant's ambiguous assertions concerning the monetary amount, purportedly in controversy.

  B. <u>Five Below Fails to Prove that Complete Diversity Jurisdiction Exists Between Fry and Five Below</u>

Fry's complaint makes clear, and as is uncontroverted in Five Below's Notice of Removal, that Fry is a resident of Orange County, Florida. Five Below's Notice of Removal further states that Five Below, Inc., is a Foreign Corporation authorized to transact business in Florida, but is incorporated in the State of Pennsylvania and has its principal place of business in Pennsylvania.

However, a party seeking removal on the basis of diversity has the burden of proof in establishing the existence of such diversity. *Green v Mutual of Omaha*, 550 F.Supp. 815 (N.D. Cal. 1982). Specifically, the burden of proving a corporation's principal of business for purposes of diversity of citizenship is on the removing party. *Miller Production Co. v. Champlin Petroleum Co.,* 505 F. Supp. 46 (W.D. Okl 1980). In *Leiblinger*, *supra*, the defendant corporation sought removal on the basis of diversity of citizenship jurisdiction. In an attempt to satisfy its requirement of establishing that its principal place of business was in a State other than Ohio (the forum State and Plaintiff's State of citizenship), defendant merely alleged "petitioner Saks is now, and was at the commencement of this action, a New York corporation with its principal place of business in New York." The removing corporate defendant presented no other information as to its principal place of business, the plaintiff's motion to remand was

granted.  *See*, *also*, *Jerro v Homelines Inc.*, 377 F.Supp 670 (S.D. NY 1974) (holding that where petitioner failed to establish that its principal place of business was a State other than the forum, removal must be denied).

Neither Five Below's Memorandum of Law in Support of Defendant's Notice of Removal of Cause nor its Notice of Removal of Cause, including exhibits, provide any evidence to support the assertions that, at the time(s) material to Fry's Complaint, Five Below, Inc. was a Foreign Corporation incorporated in Pennsylvania and that its principal place of business was in Pennsylvania.  Again, the Court should not be expected to rely on an unsubstantiated assertion in deciding whether removal is appropriate in the instant matter.  In the absence of supporting evidence for Five Below's Notice of Removal, the Court must favor remand.

    C.  <u>Attorney's Fees</u>

Pursuant to 28 U.S.C. §1447(c), if this Court remands the case, the Court has the discretion to award attorney's fees incurred as a result of the removal.  28 U.S.C. §1447(c) ("[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").  "[T]he standard for awarding fees should turn on the reasonableness of the removal."  *Martin v. Franklin Capital Corp*., 546 U.S. 132, 126 5.01 704, 711, 163 L.Ed.2d 547 (2005).  Generally, the district court should award fees under §1447(c) only when "the removing party lacked an objectively reasonable basis for seeking removal." *Id*.

Here, Five Below's claim that the jurisdictional amount is in controversy *solely* based on the damages sought by the Plaintiffs is completely unsupported and without merit. As such, an award of fees to the Plaintiff is appropriate.

## IV. CONCLUSION & REQUEST FOR RELIEF

Filing a Notice of Removal is not an opportunity for a defendant to test whether a federal court <u>might</u> have subject matter jurisdiction. Rather, removal from state court is a jurisdictional event requiring the defendant to have sufficient reason, supported by adequate record evidence, for asserting that federal subject matter jurisdiction exists. Armed with only a pre-suit settlement offer, Five Below removed the matter to federal court in a blatant attempt to forum shop without meeting its burden of proof.

For the above-mentioned reasons, Five Below ultimately fails to carry its burden of proving that the amount in controversy exceeds $75,000 and alternatively fails to establish that complete diversity jurisdiction exists between itself and Fry.

**WHEREFORE**, Plaintiff, Patricia Fry, respectfully requests that the Court:

(1) Grant this Motion to Remand;

(2) Remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida;

(3) Award attorney's fees pursuant to 28 U.S.C. § 1447(c); and

(4) Grant any such further relief the Court deems appropriate.

Respectfully submitted,

*/s/ Perry B. Nava*
Perry B. Nava, Esquire
FBN 0109197
Morgan & Morgan, P.A.

20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 839-4453, (407) 849-2311
Facsimile: (407) 204-2248
Primary Email: pnava@forthepeople.com
Secondary: jrosado@forthepeople.com
*Attorneys for Plaintiff*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), this Motion to Remand is made following a good faith conference that took place on December 9, 2020. On this date, counsel for Plaintiff and counsel for Defendant had a substantive discussion in real time over the telephone and the parties were unable to agree to the relief sought in the Motion to Remand.

*/S/ Perry B. Nava*
Perry B. Nava, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT has been served this day via email to: Brian N. Heffner / Kaitlin Cupp Jensen / Michael Denham Logan, Traub Lieberman Straus & Shrewsberry, LLP, 11770 US Hwy 1, Ste 402E, Palm Beach Gardens, FL 33408-3052 (bheffner@tlsslaw.com; kjensen@tlsslaw.com; mlogan@tlsslaw.com).

Dated:  December 9, 2020          */S/ Perry B. Nava*
                                  Perry B. Nava, Esquire